```
                    IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS
```

**DAVID WALTER TRAMMELL,**

                              **Plaintiff,**

           **v.**                                          **CASE NO. 12-3152-JAR**

**FRANK DENNING, et al.,**

                              **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff proceeds pro se and submitted the full filing fee. Defendants have filed two motions to dismiss the Complaint (Docs. 5, 7).

**Screening**

A federal court must conduct a preliminary screening of a civil action in which a prisoner seeks relief from a governmental officer or entity and must dismiss the complaint or any part of it that is frivolous, malicious, or fails to state a claim for relief.[1]

A party proceeding pro se is entitled to a liberal construction of his pleadings.[2] However, a pro se party must "follow the same rules of procedure that govern other litigants."[3]

Plaintiff's complaint reflects that he fell and sustained

---

[1] 28 U.S.C. § 1915A(a)-(b).
[2] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[3] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)(citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

injuries on April 23, 2010, inside the New Century Adult Detention Center in Johnson County, Kansas. He claims that officers responsible for the facility ignored a pervasive risk of harm caused by standing water in the recreation area where he fell, and he complains that he did not receive appropriate medical attention in April, May, and June 2010, for his injuries and complaints of pain. Finally, he complains that he suffered unnecessarily due to a policy of Correct Care Services classifying inguinal hernia repair as an elective surgical procedure.

**The limitation period**

The statute of limitations for a complaint brought under § 1983 "is drawn from the personal-injury statute of the state in which the federal district court sits."[4] In Kansas, the two-year statute of limitations period in K.S.A. § 60-503(a)(4) for "injury to the rights of another" applies.[5]

Although state law governs the statute of limitations, federal law determines when the federal claim accrues.[6] "A § 1983 action accrues when facts that would support a cause of action are or should be apparent."[7]

Here, plaintiff's injury occurred in April 2010, and his complaint describes requests for medical care immediately afterward and during the following months of May and June 2010.

Under the so-called prison "mailbox rule," a prisoner's complaint is deemed filed when it is delivered to prison officials

---

[4] *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).
[5] *Garcia v. Univ. of Kan.*, 702 F.2d 849, 851 (10th Cir. 1983).
[6] See *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993).
[7] *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.)(internal citation omitted), *cert. denied*, 549 U.S. 1059 (2006).

for mailing.[8] Plaintiff executed the complaint on June 27, 2012.[9] Thus, any claim that arose more than two years prior to that date is time-barred unless the limitations period was tolled.

Under Kansas common law, plaintiff is entitled to tolling of the limitation period during the time required to exhaust administrative remedies.[10]

The complaint states that plaintiff completed his grievances on July 10, 2010.[11] The grievance in question arose from the medical decision to treat plaintiff with a hernia truss, which was provided to him in early June 2010, rather than the surgery he desires. The complaint describes plaintiff's pursuit of relief from that decision through the administrative remedy process, ending with a denial of relief on July 10, 2010.[12] Accepting these facts as true, the court finds, for purposes of this screening, that the limitation period was tolled until July 10, 2010, for the plaintiff's claim concerning the treatment of his hernia. The remaining claims, however, are time-barred.

**The medical claim**

Plaintiff challenges the decision to treat his hernia with an external support rather than by surgical repair. Prison authorities "violate the Eighth Amendment's ban on cruel and unusual punishment if their 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of

---

[8] *See Houston v. Lack*, 487 U.S. 266, 270—71 (1988).
[9] Complaint, Doc. 1, at 6.
[10] *See Bloom v. McPherson*, 346 F. App'x 368, 371 (10th Cir. 2009).
[11] *See* Complaint, Doc. 1, at 31.
[12] *Id.*

3

pain.'"[13] The deliberate indifference standard includes both objective and subjective components.[14] The objective standard requires a showing that the medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."[15] The subjective component requires a showing that the defendant prison official "knows of and disregards an excessive risk to inmate health or safety."[16]

It is settled that a prison physician is "free to exercise his or her independent professional judgment, and an inmate is not entitled to any particular course of treatment."[17] This standard requires a prisoner to establish a "deliberate refusal to provide medical attention, as opposed to a particular course of treatment."[18]

Here, the plaintiff acknowledges that he was seen by a physician and diagnosed with a non-strangulated hernia. While the plaintiff states the physician said he needed corrective surgery, the physician did not prescribe that procedure. Rather, plaintiff was provided with a hernia truss in early June 2010, as directed by the physician, and the responses to his grievances uniformly reflected that no other treatment had been ordered.[19]

The facts stated by plaintiff do not state a claim for relief under the Eighth Amendment. Not only did plaintiff receive the medical

---

[13] *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).
[14] *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).
[15] *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).
[16] *Farmer,* 511 U.S. at 837.
[17] *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (quoting *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)).
[18] *Fleming v. Uphoff*, 210 F.3d 389 (table), 2000 WL 374295, at *2 (10th Cir. Apr. 12, 2000) (citation omitted).
[19] Complaint, Doc. 1, at 30-31.

treatment ordered by the physician, it appears this treatment is recognized as an appropriate practice.[20] Likewise, there is no factual basis to suggest that the policy classifying surgical repair of a non-strangulated inguinal hernia as an elective procedure meets the subjective standard for a claim under the Eighth Amendment.

"[A] *pro se* litigant . . . is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect."[21]  Leave need not be granted if amendment would be futile.[22]  The Court finds that amendment in this case would be futile on the claims barred by the statute of limitations.  But the Court will allow Plaintiff an additional period of time to cure the deficiency on his challenge to the medical treatment prescribed for his non-strangulated hernia.

Accordingly, the court finds that dismissal of this matter is appropriate on the grounds that all claims except the challenge to the medical policy are time-barred and that the medical policy claim fails to state a claim for relief.  The Court will allow Plaintiff an opportunity to amend this remaining claim for relief.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' motions to dismiss (Docs. 5, 7) are **granted**.  All claims except the challenge to the medical policy are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and

---

[20] *See, e.g.*, *Jackson v. Jackson*, 456 F. App'x 813, 814–15 (11th Cir. 2012) (citing the "common medical practice to postpone surgery until a hernia becomes strangulated"); *Winslow v. Prison Health Servs.*, 406 F. App'x 671, 674–75 (3d Cir. 2011)(citing evidence in the record that "the standard treatment for an inguinal hernia was non-surgical"); *Clark v. Adams*, 233 F. App'x 400, 401 (5th Cir. 2007) (per curiam) (affirming the summary dismissal of prisoner's complaint as frivolous where he complained prison physician failed to refer him for surgery and instead provided a truss and medication).
[21] *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).
[22] *See Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010).

including November 26, 2012 to show cause in writing why the deficiencies identified by the Court why the remaining claim challenging his medical treatment should not be dismissed for failure to state a claim.  Failure show cause by this date may result in dismissal of this action with prejudice and without further notice.

**IT IS SO ORDERED.**

**Dated: October 31, 2012**

<u> **s/ Julie A. Robinson** </u>
**United States District Judge**