**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DAVID WALTER TRAMMELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 12-3152-JAR |
| ) | |
| ) | |
| **FRANK DENNING, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This suit was filed by Plaintiff David Walter Trammell, a *pro se* prisoner, seeking redress after an injury he sustained while in custody at the Johnson County, Kansas New Century Adult Detention Facility. On October 31, 2012, the Court dismissed all but one of Plaintiff's claims as time barred because they were filed more than two years after the claims accrued, outside the applicable statute of limitations. The Court also found that Plaintiff failed to state a claim for relief on his remaining claim that the jail and Correct Care Solutions were deliberately indifferent to his medical needs by failing to properly treat his hernia. The Court allowed Plaintiff an additional period of time to show cause as to why this remaining claim should not be dismissed.

Plaintiff filed a response to the Court's October 31 Order, and a Motion to Reinstate All Claims (Docs. 18, 19), arguing that the statute of limitations was tolled and that he has alleged sufficient facts to establish federal and state law claims for the remaining exhausted claim. As described more fully below, the Court denies Plaintiff's motion to reinstate the time barred claims and finds that he has failed to show cause as to why the remaining claims should not be dismissed. Accordingly, the Court dismisses this case in its entirety.

**I.     Standard**

The Court once again observes that when construing a plaintiff's *pro se* complaint, the Court bears in mind that *pro se* pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[1]  Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[2]  However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[3]  For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[4] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[5]  The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[6]

In order to state a claim upon which relief may be granted, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[7]  Under this

---

[1] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] *Id.*

[3] *Id.*

[4] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[5] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[6] *Hall*, 935 F.2d at 1110 (citation omitted).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[8] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[9] but requires more than "a sheer possibility."[10]

## II.   Discussion

### A.   Statute of Limitations

First, Plaintiff argues that his dismissed claims should be reinstated because they were tolled by K.S.A. § 12-105b. That statute establishes a procedure for presenting Kansas Tort Claims Act claims to a municipality before instituting a cause of action. Plaintiff contends that he submitted his claim to the Johnson County governing body on March 7, 2012, thereby tolling the statute of limitations. First, this argument does not save his claim against the non-municipal defendants: Correct Care Solutions, FNU (3) CEO of Correct Care Solutions, Valerie (LNU), and Mike Diviney, because the statute does not apply to them. And, to the extent Plaintiff asserts individual capacity claims against municipal employees, the notice provisions in K.S.A. § 12-105b do not extend the limitations period.[11] Therefore, the Court denies Plaintiff's motion to reinstate the dismissed claims against these defendants.

As to the municipal defendant, the Court construed Plaintiff's Complaint as asserting federal claims under 42 U.S.C. § 1983. The notice provision in K.S.A. § 12-105b does not apply

---

[8]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[9]*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

[10]*Id.*

[11]*Miller v. Brungardt*, 916 F. Supp. 1096, 1100 (D. Kan. 1996).

to federal claims, so this argument does not save his federal civil rights claims.[12]  Plaintiff suggests in his motion that he invoked the Court's supplemental jurisdiction in his Complaint, therefore, his claims should be construed as also arising under state law and therefore would be tolled and not time barred.  Because this argument hinges on a surviving federal claim, the Court addresses it below.

### B.      Remaining Timely Claim

In its October 31 Order, the Court construed Plaintiff's only exhausted and timely claim as challenging the decision to treat his hernia with an external support rather than by surgical repair.  The Court found that the factual allegations fail to give rise to a claim of deliberate indifference in violation of the Eighth Amendment because the facts establish that Plaintiff did receive medical attention, and that the treatment he received is recognized as an appropriate treatment for a non-strangulated inguinal hernia.  Plaintiff objects to the Court's construction of his claim, arguing that it is based on the extreme pain he has suffered despite the treatment provided by Defendants, and that he continues to suffer pain due to the Defendants' policy of classifying his surgery as elective.  But Plaintiff's allegations of pain do not suffice to nudge his claim of deliberate indifference over the speculative level.  His claim alleges that the policy of denying his surgery, despite his pain, violates the Eighth Amendment.  But, as the Court observed in its October 31 Order, the physician's decision to treat Plaintiff's hernia with a truss instead of surgery is recognized as appropriate.[13]  And while the Court is cognizant that Plaintiff's condition is painful, he has also not alleged facts that prison officials know of and

---

[12]*See Scheideman v. Shawnee Cnty. Bd. of Cnty. Comm'rs*, 895 F. Supp. 279, 282 (D. Kan. 1995).

[13]*See, e.g.*, *Jackson v. Jackson*, 456 F. App'x 813, 814–15 (11th Cir. 2012).

disregard an excessive risk to Plaintiff's health—Plaintiff's Complaint establishes that he was treated by a physician for his condition.[14] Accordingly, the Court finds, for the same reasons set forth in the October 31 Order, that Plaintiff's medical treatment claim fails to state a claim upon which relief may be granted.

### C. Supplemental Jurisdiction

Because the Court dismisses all federal claims in this matter, it must decide whether to exercise supplemental jurisdiction over any remaining state law claims, to the extent the Complaint can be construed as asserting state law claims that survive the statute of limitations. Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction."[15] The Court considers "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction."[16]

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[17] "Notions of comity and federalism demand that a state court try

---

[14]*See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

[15]28 U.S.C. § 1367(c)(3); *see Estate of Harshman v. Jackson Hole Mountain Resort*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("Seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction, Congress granted statutory authority to district courts to hear claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based.").

[16]*Anglemyer v. Hamilton Cnty. Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995) (quoting *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)).

[17]*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

its own lawsuits, absent compelling reasons to the contrary."[18]  Plaintiff's remaining claims involve a matter of state law, the KTCA, between non-diverse parties.  This case is in the pleading stage, and no formal discovery has been done to date.  The Court finds that this is the usual case in which principles of judicial economy, convenience, fairness, and comity all point in favor of declining jurisdiction over any remaining Kansas law claims.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reinstate All Claims (Doc. 19) is denied.  This action is dismissed in its entirety with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service of Process (Doc. 9), and Motion to Dismiss Defendants' Pleadings (Doc. 13) are moot.

Dated: January 3, 2013

                                                 S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE

---

[18]*Thatcher Enters.*, 902 F.2d at 1478.